Gary M. Lightman, for Petitioners.

Joanna N. Reynolds, Assistant Counsel, for Respondent.

**PENNSYLVANIA STATE TROOPERS ASSOCIATION and Trooper Jeffrey S. Krawzyk, Petitioners,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1996.
Decided Oct. 25, 1996.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Pennsylvania State Troopers Association and Trooper Jeffrey S. Krawzyk (collectively PSTA) appeal from the award of an arbitrator affirming the dismissal of Trooper Krawzyk by the Pennsylvania State Police (PSP) for the trooper's admitted use of marijuana.

On July 7, 1995, Trooper Krawzyk was served with a letter of dismissal charging him with violations of PSP field regulations relating to conformance to laws, unbecoming conduct, use of drugs, reporting of information and off-duty police action. The charges arose from a series of incidents in which it was alleged that the trooper smoked marijuana or was present when marijuana was smoked by others and that he failed to take police action or report it to his supervisor.

On July 19, 1995, a grievance was filed by the PSTA. Subsequently, a grievance hearing was held before an arbitrator. At the hearing, Trooper Krawzyk stipulated that in a two-year period preceding his dismissal, he had possessed and smoked marijuana and failed to take police action or report to his supervisor information that others had possessed and used marijuana in his presence. The trooper's former girlfriend testified that she saw him smoke marijuana on one occasion and had reason to believe that he had smoked it on another occasion.

Trooper Krawzyk's only assertion at the hearing was that the discipline imposed by the PSP was too harsh a penalty for his conduct. The PSTA introduced the testimony of seven members of the PSP who had

worked with Trooper Krawzyk previously, and who would be willing to work with him in the future in spite of the charges. All seven of the troopers indicated that some form of discipline would be appropriate, but given the facts, stated the trooper's dismissal was too extreme a form of discipline. The PSTA also entered into evidence Trooper Krawzyk's annual performance evaluations and several laudatory pieces of correspondence regarding his work.

On January 25, 1996, the arbitrator issued an award affirming the trooper's dismissal. The instant appeal by the PSTA followed.

In *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995) (*Betancourt*), the Supreme Court held that our scope of review from an Act 111 [1] grievance arbitrator's decision is in the nature of the narrow scope of certiorari.

In general terms, that statement of our scope means that this Court may only concern itself with questions concerning (1) the jurisdiction of the arbitrator (2) the regularity of the proceedings (3) an excess of the arbitrator's powers or (4) deprivation of constitutional rights. *Id.* at 69–71, 656 A.2d at 85.

Specifically, an arbitrator may not order the employer to perform an illegal act and the award must only encompass the terms and condition of employment. An error of law will not be sufficient to reverse under this narrow scope of review.

We turn to the brief filed on behalf of Trooper Krawzyk to state the issue which was before the arbitrator. The brief states:

This is a case in which Trooper Krawzyk stipulated that he smoked marijuana off-duty on three separate occasions. Indeed, Trooper Krawzyk admitted to this use of marijuana when confronted with it by his employer. Indeed, it was only those three stipulated instances that the Arbitrator considered.

Accordingly, the sole issue to be determined by the Arbitrator was the severity of the discipline. Trooper Krawzyk all but

conceded that he should be disciplined in some fashion short of termination for his actions.

(Petitioners' brief, p. 9).

In this appeal, the PSTA's first basic contention is that the arbitrator refused to consider the testimony offered on Trooper Krawzyk's behalf praising his job performance job and ignored that testimony tending to show various members of the force would have no hesitation about continuing to work for him. He contends that because of this refusal to consider this evidence, the arbitrator "exceeded his jurisdiction and authority."

This argument is based upon an excerpt from the opinion of the arbitrator in which he said, "I find also that there is no need to assess Trooper Krawzyk's performance nor the testimony of the troopers who testified on his behalf." (Arbitrator's decision, January 25, 1996, p. 7). However, the PSTA does not in its brief quote the next sentence of the arbitrator's decision, which clearly explains why he found no need "to assess" that testimony. The arbitrator stated, "The act of using an illegal substance far transcends whether he did nor did not perform well or that his fellow trooper would accept him under these circumstances." (*Id.*) Thus, as we read it, the acts of transgression were more important to the arbitrator than the trooper's later good performances.

Hence, we disagree with the assertion advanced in this appeal that the arbitrator exceeded his jurisdiction by ignoring the testimony favorable to Trooper Krawzyk. The general jurisdiction and authority of the arbitrator was to consider the employment action taken against the trooper. The sole question submitted to him was whether the penalty of dismissal was too harsh. The arbitrator based his decision on the fact that the testimony and admission of instances of marijuana use indicated such a violation of field regulations, and the law, as well, that the testimony about Trooper Krawzyk's good performance was of little weight. We therefore hold that the arbitrator did not exceed his jurisdiction.

1. Act of June 24, 1968, P.L. 237, *as amended,* 43    P.S. §§ 217.1—217.10.

 

Krawzyk makes one other argument, to wit: "Trooper Krawzyk was denied equal protection based upon his earlier recovery from an alcohol problem," (Petitioners' brief, p. 25), and in support thereof proceeds to cite cases of other troopers who were disciplined for various violations but not dismissed. The arbitrator found that "[Krawzyk's] rehabilitation for alcohol abuse in the Member Assistance Program has no relevance here." He also found the other cases submitted by Krawzyk to be irrelevant. We agree. None of those cases involved the use of illegal drugs. Nor was the discipline imposed for illegal drug use and failure to report it in any way related to the Trooper Krawzyk's earlier alcohol-related condition. We see no violation of his right to equal protection.

This case represents a clear example of those instances where our Supreme Court has instructed us to impose a restraint on judicial interference when the appeal is taken from the decision of an arbitrator. *Betancourt*, at, 656 A.2d at 89. It was the arbitrator's judgment that dismissal is not too harsh a penalty where a state trooper, whose duty it is to enforce the laws against drugs, in three instances smoked marijuana and thus broke those laws. If this court's intervention were unfettered, we would be faced with the task of imposing our valued judgment on this same issue, despite the fact that the parties have agreed to settle disputes of this nature by arbitration. These disputes would be subject to more litigation and delay if a fulsome and complete review was accorded to them.

We have answered the arguments on appeal by references to the arbitrator's record findings and statements. However, nothing we have stated in this opinion is to be construed as a holding that issues similar to those raised in this case are the kind of issues that are proper subjects for review under the narrow scope of certiorari review. This narrow scope of review does not include reviewing allegations of errors of law, and the issues raised in this appeal are errors of law, at most.

The order of the arbitrator is affirmed.

## ORDER

AND NOW, this 25th day of October, 1996, the arbitrator's decision of January 25, 1996 in the above captioned matter is affirmed.

KELLEY, J., concurs in the result only.